THE STATE, EX REL. DARBY, v. HADAWAY ET AL.

*Schools—Transfer of territory from centralized district—*
*Transfer not mandatory upon petition therefor by elec-*
*tors—Sections 4696 and 4727, General Code.*

Under Section 4727, General Code, as amended, 108 Ohio
   Laws, pt. 1, p. 235, it is not mandatory upon a county
   board of education to detach from a centralized school
   district any of its territory, although petitioned for by
   two-thirds of the qualified electors residing within said
   territory; nor does Section 4696, General Code, as
   amended, 109 Ohio Laws, 65, make it mandatory upon the
   board to transfer any of the territory of a centralized
   school district to another school district, although peti-
   tioned for by seventy-five per cent. of the electors in the
   territory sought to be so transferred.

(Decided April 17, 1925.)

IN MANDAMUS.

*Messrs. Fauver & Cheney,* for plaintiff.
*Mr. D. A. Baird* and *Mr. R. F. Vandemark,* for
defendants.

PARDEE, P. J.    The relator is an elector of Hen-
rietta township in Lorain county, and resides with-
in the boundaries of the territory set out and de-
scribed in the petition.    The defendants named are
the Lorain county board of education and the mem-
bers thereof, having control of the public schools
of said county school district, which territory is
contiguous to Erie county and the Erie county
school district.

On or about February 4, 1925, a petition signed

[1] Schools and School Districts, 35 Cyc. p. 833.

by all of the electors residing within the territory described in the petition, and as shown on the plat attached thereto, was presented to the county board of education, requesting the board to transfer such territory from the Lorain county school district to the Erie county school district, which petition was accompanied by a description and map of the territory requested to be transferred, and on that day the board refused to transfer the territory.

Henrietta township school district is a centralized rural school district, created in all respects as provided by law, and was such on the day the petition was presented to the school board, and the property described in the petition lies within said centralized district.

Upon these facts the relator, by an original suit in mandamus in this court, seeks to compel the defendants to take the necessary action to transfer the territory, as requested.

The two sections of the General Code which make provision for transferring territory from one school district to another are 4696 and 4727. Section 4696 is in Chapter 1 of Title XIII of Part one of the General Code, and relates to the classification of school districts, while Section 4727 is in Chapter 4 of said Title XIII, and relates to rural schools, which term includes centralized ones. Section 4727 before its amendment prohibited the transfer of territory from centralized school districts, and by amendment that prohibition was modified to the extent of permitting the county board to make a transfer upon the conditions stated in the amendment, but by such amendment it was not meant to make either the mandatory or permissive provisions of Section 4696 applicable to centralized

schools. The legislation as to the different kinds of school districts is still kept separate and distinct; that is apparent from the fact that the permission under the amendment of Section 4727 is operative only upon a petition signed by two-thirds of the electors of the territory, while the permission under Section 4696 still remains operative on petition signed by a majority of the electors of the territory. Before the amendment of Section 4727, it had been determined by the Supreme Court (97 Ohio St., 259) that the provisions of Section 4696 did not apply to centralized schools, and by the amendment the Legislature merely modified the prohibition of Section 4727 as to centralized schools; the language of the amendment is "shall not prevent," which is clearly permissive and not mandatory.

Upon the admitted facts of this case, and from a consideration of the authorities and an examination of the statutes as they now are and formerly were, we are unanimously of the opinion that under Section 4727, General Code, as amended, 108 Ohio Laws, pt. 1, p. 235, it is not mandatory upon a county board of education to detach from a centralized school district any of its territory, although petitioned for by two-thirds of the qualified electors residing within such territory; nor does Section 4696, as amended, 109 Ohio Laws, page 65, make it mandatory upon the county board to transfer any of the territory of a centralized school district to another school district, although petitioned for by seventy-five per cent. of the electors in the territory sought to be so transferred.

The prayer of the petition of the relator to require the defendants to detach said territory from

the centralized rural school district of Henrietta township is therefore denied, and the petition dismissed at relator's costs.

*Writ denied.*

WASHBURN and FUNK, JJ., concur.